OPINION OF THE COURT
Carmelo A. Parlato, J.
This defendant, along with a codefendant not joining in this motion, has been charged by an information with having violated subdivision 3 of section 240.35 of the Penal Law which provides that
“A person is guilty of loitering when he: * * *
“3. Loiters or remains in a public place for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature”.
Defendant has moved under CPL 170.30 (subd 1, par [a]), i.e., on the ground that the information against her is defective, within the meaning of CPL 170.35, the particular claimed defect being, as provided in CPL 170.35 (subd 1, par [c]), that the statute (said Penal Law, § 240.35, subd 3) defining the offense charged is unconstitutional.
The first argument made by defendant is that the said statute is unconstitutionally vague. This court finds no merit to this argument.
*399 The second argument is that the conduct (contact between the penis and the mouth) alleged to have been committed by defendant is one of those described in subdivision 2 of section 130.00 of the Penal Law, defining “Deviate sexual intercourse” and that subdivision 2 has been held unconstitutional by the Court of Appeals in People v Onofre (51 NY2d 476).
Preliminarily, it might be observed that, strictly speaking, this argument does not really attack “the constitutionality of the statute under which the defendant is charged”, for the reason that the most Onofre (supra) would require would be the deletion of the phrase “deviate sexual intercourse” from the subject statute, i.e., from subdivision 3 of section 240.35 of the Penal Law and that thusly redacted the subject statute would be viable. However, the alternative argument could then be made that, so redacted, the subject statute is left not proscribing any of the acts set forth in said subdivision 2 of section 130.00 of the Penal Law, but only “other sexual behavior of a deviate nature” (emphasis added) and that thusly the information herein would be just as fatally defective since it would fail to allege a violation of the redacted statute and would thus be insufficient on its face (CPL 170.35, subd 1, par [a]).
In the view of this court, both of said arguments oversimplify the holding of Onofre (supra). To begin with, Onofre did not declare subdivision 2 of section 130.00 of the Penal Law to be itself unconstitutional. Standing by itself, it merely defines a phrase. What was held to be unconstitutional was section 130.38 of the Penal Law, a statute drafted so as to proscribe no more and no less than the conduct which subdivision 2 of section 130.00 of the Penal Law characterized as “deviate sexual intercourse”.
The Onofre majority clearly identified the constitutional infirmities of the use of subdivision 2 of section 130.00 of the Penal Law in section 130.38, as being firstly violative of the right of privacy and secondly violative of the right to equal protection of the law. Under neither of these two swords were the actions set forth in subdivision 2 of section 130.00 of the Penal Law held to be per se constitutionally protected.
*400 As to the right of privacy: Onofre held that the right of privacy had been violated, not an absolute right to commit sodomous acts. The key to the infirmity of section 130.38 of the Penal Law is that it did not limit its scope to public conduct and that it was applicable indiscriminately to both private and public conduct; as such it was properly scrutinized as a proscription of private conduct, and it fell accordingly. The statute challenged here, however, is explicitly limited to public conduct and is therefore outside the ambit of the “right of privacy”.
As to equal protection: In this respect Onofre (supra) similarly did not find any fault with the proscription per se of the conduct characterized by subdivision 2 of section 130.00 of the Penal Law as “deviate sexual intercourse” but rather with the marital status distinction which it contained and which became incorporated into the proscription made by section 130.38 (emphasis added). If the subject statute (Penal Law, § 240.35, subd 3) made it an offense to publicly loiter for, or engage in, no more and no less than “deviate sexual intercourse”, then it would be incorporating that marital status distinction with the same precision that was fatal to section 130.38 of the Penal Law and would need similarly to be stricken down. What redeems the subject statute, however, is that it extends to “other sexual conduct of a deviate nature” and that this clearly enough encompasses the conduct set forth in subdivision 2 of section 130.00 when committed by persons who are married to each other; leaving the subject statute, seen as a whole, as not concerned with the marital status of the persons involved and therefore not denying equal protection of the law.
Thusly, although the subject statute utilizes subdivision 2 of section 130.00 of the Penal Law it avoids both of the two swords of Onofre (51 NY2d 476, supra): The right of privacy is not offended, since the statute prohibits only public conduct; and equal protection of the law is not denied, because the marital status distinction inherent in the phrase “deviate sexual intercourse” is complemented by the phrase “or other sexual behavior of a deviate nature”, leaving the statute applicable without regard to marital status.
*401 This court therefore holds that the subject statute is, in its entirety, constitutional and has denied defendant’s motion.